IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOHN ANDERSON KING,

    Plaintiff,

vs.                                                      CASE NO. 5:07CV112-RS/AK

LECLAIR RYAN, et al,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se,* has filed a complaint alleging various state law claims and asserting diversity jurisdiction against a law firm and two attorneys whom he claims are licensed to practice and reside in Virginia. (Doc. 1). Plaintiff paid the filing fee and was directed to serve the Defendants. (Doc. 4). Although summons were issued on the law firm and the two individuals, no summons was returned executed on Defendant John M. Fitzpatrick. (Doc. 5). Defendants LeClair Ryan (the law firm) and John T. Jessee have moved to dismiss for lack of personal jurisdiction. (Docs. 7 and 8). Both defendants contend that the present cause of action arose out of their defense of several medical malpractice cases against Plaintiff and their client, Putnam General Hospital, in Hurricane, West Virginia. (Docs. 7 and 8). Both defendants contend that Plaintiff's basis for jurisdiction, that they published defamatory information about him to the Wall Street Journal which was posted on a website causing him injury in Florida, is

insufficient to satisfy either the Florida long-arm statute or the minimum contacts necessary to comport with due process.

Plaintiff has filed a response opposing dismissal of his lawsuit, but he concedes that the proper forum for his claims is the United States District Court for the Eastern District of Virginia, Norfolk Division, and this action ought to be transferred. (Doc. 19). He also requests that the Court take no action that would prejudice his ability to continue the cause of action raised herein. The Court interprets this request to mean that it should not dismiss this cause if it might preclude his refiling it in Virginia. The actions upon which the Complaint is based occurred on or about August 2005. This Court is unfamiliar with the state laws of Virginia concerning limitations on the claims asserted in the complaint and out of an abundance of caution and in the "interest of justice" finds that this cause should be transferred, not dismissed.

28 U.S.C. § 1406(a) states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." A court may raise the issue of defective venue *sua sponte*, but should not dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond. Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988). The Lipofsky court did not place the same limitations on the court's ability to transfer a case to the appropriate forum pursuant to 28 U.S.C. § 1404(a). *See* Lipofsky, 861 F.2d at 1259, n. 2. Thus, it is recommended that the case be transferred rather than dismissed. There is no need for a hearing on this transfer.

**No. 5:07CV112-RS/AK**

*Cf.* Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) *with* Starnes v. McGuire, 512 F.2d 918, 934 (D.C. Cir. 1974).

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the undersigned respectfully **RECOMMENDS** the motions to dismiss (docs. 7 and 8) be **DENIED**, but that this cause be transferred to the United States District Court for the Eastern District of Virginia for all further proceedings.

**IN CHAMBERS** at Gainesville, Florida, this  **27th**  day of November, 2007.


*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 5:07CV112-RS/AK**